UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAARON CRAWFORD,

          Plaintiff,

- v. -

US SECURITY ASSOCIATES,

          Defendant.

**ORDER**

19 Civ. 105 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        On January 4, 2019, pro se Plaintiff Daaron Crawford filed a complaint alleging that U.S. Security Associates, Inc. ("U.S. Security") had discriminated against him in violation of the Americans with Disabilities Act of 1990 ("ADA"), Title VII of the Civil Rights Act of 1964, and the New York City Human Rights Law. Crawford claims that Defendant did not hire him because of a disability.

        On March 6, 2019, the Clerk of Court entered a certificate of default against U.S. Security. (Dkt. No. 9) Two days later, U.S. Security filed a motion to set aside the entry of default under Federal Rule of Civil Procedure 55(c) and to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 11) The Court referred the motion to Magistrate Judge Robert W. Lehrburger (Dkt. No. 19), who issued a 17-page report and recommendation ("R&R") recommending that the Court vacate the entry of default and grant U.S. Security's motion to dismiss. (R&R (Dkt. No 20)) For the reasons set forth below, the Court adopts Judge Lehrburger's R&R in its entirety as it pertains to Plaintiff's federal claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's New York City Human Rights Law claim.

## BACKGROUND

I. **FACTS**

In 2014, Crawford was employed as a security guard by a contractor that provided security services to Goldman Sachs in New York City. (Cmplt. (Dkt. 1) at 5, 21-22)[1] On September 26, 2014, Crawford took a medical leave of absence after his toe was amputated due to underlying diabetes. (Id. at 22) In January 2015, while still on medical leave, Crawford learned that Goldman Sachs was switching security companies, and that U.S. Security Associates would take over the Goldman Sachs contract effective February 1, 2015. (Id. at 13, 22)

Crawford applied for employment with U.S. Security in January 2015, so that he could continue working at the Goldman Sachs location. (Id. at 22) On January 30, 2015, two days before U.S. Security was scheduled to take over the security contract for Goldman Sachs, U.S. Security's human resources department sent an email to Crawford stating that his application would "be reviewed shortly" and that U.S. Security would contact him if his qualifications met the company's requirements. (Id. at 19)

In March 2015, Crawford received medical clearance to return to work. (Id at 22) He then repeatedly contacted Defendant about the status of his application. (Id. at 22-25) For example, in April 2015, Crawford met with U.S. Security's human resources department, and was told that someone would contact him "soon" about his application. (Id. at 23) In May 2015, a U.S. Security's human resources department employee told Crawford him that "they were still waiting on a decision" concerning this application. (Id.)

---

[1] Citations to page numbers correspond to the pagination generated by this District's Electronic Case Filing ("ECF") system.

On March 7, 2016, more than a year after he had applied to U.S. Security, Crawford received an email from U.S. Security's human resources department, which stated that "after a careful review of your application, we have elected to pursue other candidates whose qualifications more closely match our needs for this position." (Id. at 20)

## II. PROCEDURAL HISTORY

On March 16, 2018, Crawford sent a fax to the Equal Employment Opportunity Commission ("EEOC") in which he complained that, after "a 6 month leave of absence due to a serious medical condition involving a[n] amputation," he was "never given the opportunity to get [his] job back." (Id. at 11) Crawford does not identify the employer or the position he was seeking, but states that he "would like to file a charge" against the employer. (Id.)

On November 29, 2018, Crawford submitted a formal charge of discrimination against U.S. Security with the EEOC. (Id. at 30) Crawford claimed that, in failing to hire him for a security guard position at Goldman Sachs, U.S. Security had discriminated against him on the basis of a disability. (Id.) On December 6, 2018, the EEOC issued a letter informing Crawford that his charge was untimely, as he had filed it more than "300 days [after] the date of the last employment harm due to the alleged discrimination." (Id. at 31)

On January 4, 2019, Crawford filed the instant Complaint against U.S. Security, alleging disability discrimination in violation of the ADA, Title VII, and the New York City Human Rights Law. (Id. at 3-4) As Judge Lehrburger notes (R&R (Dkt. No. 20) at 4), although Crawford checks boxes alleging failure to hire and retaliation on the form complaint, his factual allegations concern exclusively a failure to hire. (Id. at 5, 21-29)

On February 22, 2019, Crawford filed an affidavit of service stating that he had served the Complaint on January 10, 2019. (Dkt. No. 4) U.S. Security did not answer or appear,

3

and on March 5, 2019, Crawford applied for a Clerk's certificate of default. (Dkt. Nos. 5, 7, 8) The Clerk of Court issued a certificate of default on March 6, 2019. (Dkt. No. 9) On March 8, 2019 – two days later – U.S. Security moved to set aside the entry of default and to dismiss the complaint. (Dkt. Nos. 11, 12)

On August 30, 2019, the Court referred U.S. Security's motion to Judge Lehrburger. (Dkt. No. 19) In a September 11, 2019 R&R, Judge Lehrburger recommends that the entry of default be set aside and that the complaint be dismissed. The R&R warns that a **"[f]ailure to file timely objections will result in a waiver of objections and will preclude appellate review."** (R&R (Dkt. No. 20) at 16 (emphasis in original)) The R&R further notes that Judge Lehrburger's chambers mailed the R&R to Crawford on the day it was issued. (Id. at 17) No objections to the R&R have been filed.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Review of a Magistrate Judge's Report and Recommendation

In reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to an R&R, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A party, however, "generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)); see also Mario v. P & C Food

Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Here, despite clear warning that the failure to file timely objections would result in waiver of judicial review (R&R (Dkt. No. 20) at 16), Crawford has not objected to Judge Lehrburger's R&R. Accordingly, Crawford has waived judicial review. See Spence v. Superintendent. Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").

However, because a failure to file timely objections does not affect a district judge's jurisdiction and "may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court will consider whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

### B. Motions to Vacate an Entry of Default

Federal Rule of Civil Procedure 55 authorizes a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." Bricklayers & Allied

Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (internal quotation marks and alterations omitted). "These criteria are: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Id. (internal quotation marks omitted).

### C. Motions to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss[,] . . . the court is to accept as true all facts alleged in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). At the same time, allegations that "are no more than conclusions . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)). And "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

A district court may also "rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998); see also Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide,

Inc., 369 F.3d 212, 217 (2d Cir. 2004) ("[W]e may also look to public records . . . in deciding a motion to dismiss.") "In the motion to dismiss context, . . . a court should generally take judicial notice 'to determine what statements [the documents] contain[ ] . . . [but] not for the truth of the matters asserted.'" Schubert v. City of Rye, 775 F. Supp. 2d 689, 698 (S.D.N.Y. 2011) (alterations in original) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991)); see also Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder v. United States Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

## II. ANALYSIS

### A. Whether Entry of Default Should Be Set Aside

Judge Lehrburger concludes that all three factors governing Rule 55(c) motions weigh in favor of setting aside the Clerk's entry of default.

As an initial matter, Judge Lehrburger finds that service of process was defective. (R&R (Dkt. No. 20) at 9) Numerous courts "have ruled that ineffective service of process, standing alone, satisfies the 'good cause' requirement of Rule 55(c), warranting vacatur of an entry of default." Wilson v. WalMart Store, Inc., No. CV 15-4283 (JS) (GRB), 2016 WL 11481723, at *4 (E.D.N.Y. Aug. 22, 2016), adopted sub nom. 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016); e.g. Barnes v. New York State Div. of Human Rights, No. 14-CV-2388 (LTS) (HBP), 2014 WL 4678276, at *3 (S.D.N.Y. Sept. 19, 2014) ("[Defendant] has not yet been properly served and . . . there is therefore good cause under Federal Rule of Civil Procedure 55(c) to set aside the entry of default. . . .").

Under Fed. R. Civ. P. 4, a "summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Here, Plaintiff's affidavit of service makes no mention a summons being served. (Dkt. No. 4) The failure to serve the summons renders service ineffective and justifies vacating the entry of default. See, e.g., BMG Music Pub. Ltd. v. Croma Music Co., No. 01 Civ. 1941 (CSH) (JCF), 2002 WL 1379996, at *2 (S.D.N.Y. June 26, 2002) ("[W]ithout proper service of the summons and complaint[,] . . . a default entered . . . should be vacated.").

Service was also defective because the Complaint was served on a U.S. Security receptionist, who was not authorized to receive service for the company. (R&R (Dkt. No. 20) at 7-8 (citing Muenzer Decl. (Dkt. No. 11-1)) "Federal Rule of Civil Procedure 4 provides that

8

service of process on a corporation may be completed 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" Oyewole v. Ora, 291 F. Supp. 3d 422, 429 (S.D.N.Y. 2018), aff'd, 776 F. App'x 42 (2d Cir. 2019) (quoting Fed. R. Civ. P. 4(h)(1)(B)). "Alternatively, a corporation may be served in the same manner allowed by the state in which the district court is located or service is made – here, New York." Id. (citing Fed. R. Civ. P. 4(e)(1), (h)(1)(A)). "Under New York law, a corporation may be served through an 'officer, director, managing or general agent, or cashier or assistant cashier or . . . any other agent authorized by appointment or by law to receive service.'" Id. (citing N.Y. C.P.L.R. 311(a)(1)).

Service on a U.S. Security receptionist – who was not authorized to accept service for the corporation – was improper. Indeed, courts have repeatedly found service on receptionists to be defective. See, e.g. Pope v. Rice, No. 04 Civ. 4171 (DLC), 2005 WL 613085, at *14 (S.D.N.Y. Mar. 14, 2005) (service on "receptionist" did not effectuate service on corporate defendant); Jiao v. First Int'l Travel, Inc., No. 03 Civ. 165 (DF), 2004 WL 1737715, at *4 (S.D.N.Y. Aug. 4, 2004) (same); see also N.Y. C.P.L.R. § 311 (Practice Commentary) (requiring service on a corporation by delivery to an agent "empowered with supervisory authority and possess[ing] judgment and discretion to take action on behalf of the corporation" – not "[l]ow-level employees who serve as receptionists or clerks").

Second, as Judge Lehrburger determined, even if service had been proper, Crawford has not shown that setting aside the default would unfairly prejudice him. (R&R (Dkt. No. 20) at 9) U.S. Security responded to the complaint only five weeks after its response would have been due had the company been properly served. (Id. at 9 n.6) That delay pales in comparison to Crawford's delay in bringing this lawsuit. Although U.S. Security sent Crawford

9

a rejection letter in March 2016, he waited until January 2019 to commence this lawsuit. (Cmplt. (Dkt. No. 1) at 19) Under these circumstances, Crawford cannot demonstrate that he suffered prejudice as a result of any delay by U.S. Security in responding to the Complaint. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993) ("[T]hat plaintiff waited over a year before seeking such relief strongly suggests that some further delay will not unduly prejudice it."). Indeed, Crawford has not argued that U.S. Security's delay has resulted in a "loss of evidence," "increased difficulties of discovery," an increased risk of "fraud and collusion," or any other form of prejudice. Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983)).

Finally, and as discussed below, Judge Lehrburger concludes that U.S. Security has presented a meritorious defense – namely, that Crawford's claims are time-barred. See Smith v. Wilson, No. 3:15 Civ. 1215 (VAB), 2016 WL 11295452, at *2 (D. Conn. June 3, 2016) (setting aside entry of default where defendant "may have valid statute of limitations defenses").

This Court agrees with Judge Lehrburger that all three factors weigh in favor of vacating the entry of default. Accordingly, the Clerk's entry of default will be vacated.

### B.    Whether Crawford's Federal Claims are Time-Barred

Judge Lehrburger further recommends that Crawford's claims be dismissed as time-barred. "As a prerequisite to bringing suit under Title VII, . . . or the ADA, a plaintiff must first file a timely charge with the EEOC." Grimes-Jenkins v. Consol. Edison Co. of New York, Inc., No. 16 Civ. 4897 (AT) (JCF), 2017 WL 2258374, at *4 (S.D.N.Y. May 22, 2017), report and recommendation adopted, 2017 WL 2709747 (S.D.N.Y. June 22, 2017). "'In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days.'" Garcia v. Yonkers Bd. of Educ., 188 F. Supp. 3d 353, 358 (S.D.N.Y. 2016)

(citing Butts v. City of New York Dep't of Hous., Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)).

Here, at the earliest, Crawford filed an EEOC charge in March 2018, two years after U.S. Security confirmed by email that it would not offer him a position. Because Crawford filed his EEOC charge well outside the 300-day window, his federal claims are time-barred and must be dismissed. See Abramson v. New York City Bd. of Educ., 159 F.3d 1345 (2d Cir. 1998) ("[Plaintiff] had to . . . fil[e] a charge with the EEOC within 300 days of the last alleged discriminatory act. . . . [Plaintiff], however, filed . . . with the EEOC . . . after this 300-day period had elapsed. . . . Thus, [Plaintiff's] charge was untimely filed, and the district court properly dismissed his claim as time-barred.").

### C. Crawford's New York City Human Rights Law Claim

"A three-year statute of limitations applies to [New York City Human Rights Law] claims." Villar v. City of New York, 135 F. Supp. 3d 105, 129 (S.D.N.Y. 2015). Based on allegations that Crawford made in a separate lawsuit against the company that employed him at the time of his medical leave, Judge Lehrburger found that Crawford had notice of U.S. Security's decision not to hire him in mid-May 2015. (R&R (Dkt. No. 20) at 14 (citing Crawford v. Universal Protection Services, No. 17 Civ. 3690 (KPF), Dkt. No. 1 (Complaint))

Federal district courts have supplemental jurisdiction over city and state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "such jurisdiction is discretionary," Vuona v. Merrill Lynch & Co., 919 F. Supp. 2d 359, 393 (S.D.N.Y. 2013) (citing City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997)), and "a district court 'may decline to exercise supplemental jurisdiction' if

11

it 'has dismissed all claims over which it has original jurisdiction.'" Id. (quoting 28 U.S.C. § 1367(c)(3)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Sefovic v. Mem'l Sloan Kettering Cancer Ctr., No. 15 Civ. 5792 (PAC), 2017 WL 3668845, at *8 (S.D.N.Y. Aug. 23, 2017) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

In the context of employment discrimination actions, federal courts may decline to exercise supplemental jurisdiction over New York City Human Rights Law claims where, as here, a motion to dismiss is granted as to all federal law claims. See, e.g., Mauro v. NYC Transit Auth., No. 09 Civ. 4732 (DLC), 2010 WL 1424009, at *3 (S.D.N.Y. Apr. 9, 2010) ("Having dismissed plaintiff's federal [employment discrimination] claims, . . . the Court declines to exercise supplemental jurisdiction over plaintiff's . . . claims under the . . . [New York City Human Rights Law]."). Because Crawford's federal claims have been dismissed at the outset of this litigation, the Court declines to exercise supplemental jurisdiction over his New York City Human Rights Law claim. See Klein & Co. Futures. Inc. v. Bd, of Trade, 464 F.3d 255, 262 (2d Cir. 2006) ("[W]here, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); Williams v. Classic Sec., No. 18 Civ. 1691 (JPO), 2019 WL 4511953, at *6 (S.D.N.Y. Sept. 19, 2019) ("[B]ecause all of Williams's federal claims have been dismissed at an early stage of this litigation, the Court declines in its discretion to exercise supplemental jurisdiction over his remaining city- and state-law claims.").

## CONCLUSION

For the reasons stated above, Judge Lehrburger's Report & Recommendation is adopted in its entirety as to Plaintiff's federal claims, and Defendant's motion to dismiss is granted as to those claims with prejudice. Plaintiff's New York City Human Rights Law claim is dismissed without prejudice. The Clerk of Court is directed to terminate the motion (Dkt. No. 15) and to close this case. The Clerk is further directed to mail a copy of this Order to pro se Plaintiff by certified mail. This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: New York, New York
 January 5, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge